# E<span/>XHIBIT 1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| DOMS MARKET LLC | Case No. 24-11010 (TMH) |
| Debtor. | |
| In re: | Chapter 7 |
| DOMS MARKET HOLDCO INC. | Case No. 24-11011 (TMH) |
| Debtor. | |
| In re: | Chapter 7 |
| FOXTROT HOLDINGS TEXAS, INCORPORATED | Case No. 24-11012 (TMH) |
| Debtor. | |
| In re: | Chapter 7 |
| FOXTROT INTERMEDIATE TEXAS, INCORPORATED | Case No. 24-11013 (TMH) |
| Debtor. | |
| In re: | Chapter 7 |
| FOXTROT RETAIL INCORPORATED | Case No. 24-11014 (TMH) |
| Debtor. | |
| In re: | Chapter 7 |
| FOXTROT RETAIL DC, LLC | Case No. 24-11015 (TMH) |
| Debtor. | |

| In re: | Chapter 7 |
|---|---|
| FOXTROT RETAIL FLORIDA, LLC | Case No. 24-11016 (TMH) |
| Debtor. | |
| In re: | Chapter 7 |
| FOXTROT RETAIL TEXAS, INCORPORATED | Case No. 24-11017 (TMH) |
| Debtor. | |
| In re: | Chapter 7 |
| FOXTROT VENTURES, INCORPORATED | Case No. 24-11018 (TMH) |
| Debtor. | |
| In re: | Chapter 7 |
| OUTFOX HOSPITALITY LLC | Case No. 24-11008 (TMH) |
| Debtor. | |
| In re : | Chapter 7 |
| OUTFOX HOSPITALITY MIDCO LLC | Case No. 24-11009 (TMH) |
| Debtor. | |

**STIPULATION AND AGREED ORDER
PRESERVING BANK ACCOUNT STATUS QUO**

This Stipulation and Agreed Order (the "Stipulation") is entered into by and between Jeoffrey L. Burtch, Interim Chapter 7 Trustee (the "Trustee") of the above-captioned debtors' (the "Debtors") estates, on the one hand, and Anthony Marano Company and Market Cuts, LLC (collectively, the "PACA Creditors," and together with the Trustee, the "Parties"), on the other.

This Stipulation is made with reference to the following facts:

2

**RECITALS**

A. On May 16, 2024, in connection with that certain *Motion for Turnover of Trust Assets and an Extension of Temporary Restraining Order* (the "Motion"), filed by the plaintiffs in the matter styled *Anthony Marano Company and Market Cuts, LLC v. Dom's Market, LLC D/B/A Dom's Kitchen & Market; Dom's Market Holdco, Inc.; Foxtrot Retail, Inc.; Foxtrot Ventures, Inc.; Outfox Hospitality, LLC; Jay L. Owen, Jr.; Robert A. Mariano; Donald G. Fitzgerald; and Robert W. Twyman* in Civil Action No. 1:24-cv-03472 pending before the United States District Court for the Northern District of Illinois, Eastern Division, the District Court entered an Minute Order granting in part and denying in part the Motion.

B. The Minute Order provides with regard to that certain sum of $194,215.99 (the "Funds") debited from the accounts of Debtor Dom's Market, LLC and held in escrow subject to a temporary restraining order ("TRO") at Hinsdale Bank & Trust Company, N.A. (the "Segregated Account") in pertinent as follows: "The TRO, R. 13, is hereby extended for an additional 14 days (through 05/31/2024) as to the corporate Defendants." A copy of the Minute Order is attached hereto as Exhibit A and is incorporated by reference herein.

C. The Minute Order further provides as follows: "The Plaintiffs shall file the supporting authorities on or before 05/20/2024. If the filing supports the Plaintiffs' position, and given the absence of an objection from the Trustee, the Court anticipates converting the TRO to a preliminary injunction effective from 05/31/2024 through 06/26/2024.

D. Thereafter, the Parties discussed the Minute Order and the Automatic Stay as a result of the Debtors' bankruptcy filing on May 14, 2024. The Parties wish to maintain the segregation of the Funds in the Segregated Account subject to further order of the

3

Bankruptcy Court without the need of burdening the District Court with the submission of supporting authorities.

NOW, THEREFORE, in consideration of the foregoing and the mutual promises of the Parties herein contained, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:

1. The above recitals are incorporated into and made a substantive part of this Stipulation.

2. The Funds shall be maintained by Hinsdale Bank in the Segregated Account, subject to further order of the Bankruptcy Court. For avoidance of doubt, any of Debtors' funds other than the Segregated Funds shall not be covered or otherwise affected by this Stipulation, and any bank holding Debtors' funds may turn over those funds to the Trustee.

3. This Stipulation and all of its terms and conditions shall become effective immediately upon the Bankruptcy Court entering an order approving the Stipulation.

4. Nothing in this Stipulation shall be deemed or construed to waive, limit, impair, expand, determine, release, or affect in any way any rights of any of the Parties, including as to whether the Segregated Funds are property of the Bankruptcy Estate or the ultimate amount of the PACA Creditors' claim, or whether any of Debtors' funds other than the Segregated Funds are property of the Bankruptcy Estate.

5. Except as stated herein, the automatic stay remains in place.

6. This Stipulation contains the entire agreement by and between the Parties concerning its subject matter. All previous understandings or agreements, written or oral, if any, are merged into this Stipulation. The terms of this Stipulation are contractual and not merely

recitals.  This Stipulation can only be amended or otherwise modified by a signed writing executed by the Parties.

       7.    This Stipulation may be executed in multiple counterparts, each of which shall constitute an original, including any facsimile or PDF counterparts, and all of which together shall constitute one and the same instrument.  It shall constitute sufficient proof of this Stipulation to present any copy, copies, or facsimiles signed by the Parties hereto, including electronically.

       8.    The Bankruptcy Court shall retain exclusive jurisdiction and venue to hear and finally determine all matters arising from or related interpretation and enforcement of the Stipulation. The Parties consent to the Bankruptcy Court hearing and finally determining all such matters.

Dated: May 20, 2024
       Wilmington, Delaware

| **SULLIVAN • HAZELTINE • ALLINSON LLC** | **LAW OFFICE OF SUSAN E. KAUFMAN, LLC** |
|---|---|
| /s/ E.E. Allinson III | /s/ Susan E. Kaufman |
| Elihu E. Allinson, III (No. 3476) | Susan E. Kaufman, (DSB#3381) |
| 919 North Market Street, Suite 420 | 919 North Market Street, Suite 460 |
| Wilmington, Delaware 19801 | Wilmington, DE 19801 |
| Tel: 302-428-8191 | T: (302)-472-7420 |
| Fax: 302-428-8195 | F: (302)-792-7420 |
| Email: zallinson@sha-llc.com | skaufman@skaufmanlaw.com |
| | |
| and | *Proposed Counsel for the Interim Chapter 7 Trustee, Jeoffrey L. Burtch* |
| Mary Jean Fassett, Esq. | |
| McCarron & Diess | |
| 4530 Wisconsin Avenue, N.W., Ste. 301 | |
| Washington, D.C. 20016 | |
| Tel. 202-364-0400 | |
| Fax. 202-364-2731 | |
| mjf@mccarronlaw.com | |
| | |
| *Attorneys for PACA Creditors, Anthony Marano Company and Market Cuts, LLC* | |

# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois − CM/ECF NextGen 1.7.1.1
Eastern Division

Anthony Marano Company, et al.
                                  Plaintiff,

v.                                                                              Case No.: 1:24−cv−03472
                                                                             Honorable Edmond E. Chang

Dom's Market, LLC, et al.
                                  Defendant.

### NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, May 16, 2024:

       MINUTE entry before the Honorable Edmond E. Chang: In−person status hearing held. The Plaintiffs' local counsel and counsel for the individual Defendants appeared in person. The Plaintiffs' lead counsel appeared by telephone. (1.) As explained during the hearing, the Plaintiffs' motion to extend TRO [17] is granted in part and denied in part. The TRO, R. 13, is hereby extended for an additional 14 days (through 05/31/2024) as to the corporate Defendants. The Plaintiffs reported on an email exchange (and provided a paper copy) with the counsel for the Bankruptcy Court Trustee assigned to the corporate bankruptcy cases. In the email exchange, the Trustee stated no object to the proposal of the Plaintiffs to extend the restraint in this case for 40 days to allow the Plaintiffs to seek relief (or confirm exclusion) from the automatic stay with the Bankruptcy Court. Given the absence of the objection from the Trustee, the TRO is extended through 05/31/2024 as to the corporate Defendants. The Plaintiffs shall file the supporting authorities on or before 05/20/2024. If the filing supports the Plaintiffs' position, and given the absence of an objection from the Trustee, the Court anticipates converting the TRO to a preliminary injunction effective from 05/31/2024 through 06/26/2024 in accordance with the 40−day plan. (2.) With the restraint in place as to the corporate Defendants, and with the freeze on the Hinsdale Bank corporate account up to the debt amount, the TRO as to the individual Defendants is unnecessary and will not be extended. The turnover−order request as to Hinsdale Bank & Trust Company, N.A. [17] is terminated without prejudice. In−person status hearing set for 05/23/2024 at 1:00 p.m. Lead counsel's request to again appear by telephone is granted. Emailed notice (mw, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.